IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AMY J. HUNT,

        Plaintiff,

v.                          No. 16cv508 WJ/KBM

V.A. HOSPITAL,

        Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND
DISMISSING THE COMPLAINT WITHOUT PREJUDICE**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Letter, Doc. 6, filed June 14, 2016. For the reasons stated below, the Court will **GRANT** Plaintiff leave to proceed *in forma pauperis*. The Court will **DISMISS** Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed June 1, 2016, **without prejudice.** Plaintiff may file an amended complaint within 21 days of entry of this Order. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Proceeding *In Forma Pauperis***

The Court denied Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, because the Application indicated that Plaintiff's monthly income exceeded her monthly expenses by $2,822.00. *See* Mem. Op. and Order at 2, Doc. 5. The Court ordered Plaintiff to either pay the $400.00 filing fee or show cause why this case should not be dismissed without prejudice for failure to pay the filing fee.

Plaintiff subsequently filed her Letter, Doc. 6, which the Court construes as showing cause why this case should not be dismissed without prejudice for failure to pay the filing fee. Plaintiff states that she is "living on the streets of Albuquerque." The Court also reviewed her Complaint

which states she does not have money to "afford anything and [she is] flat broke all the time." Complaint at 9. The language in her Letter and in her Complaint suggests that Plaintiff is somewhat confused and likely did not understand the instructions regarding monthly income when filling out her Application to proceed *in forma pauperis*. The Court concludes that Plaintiff is unable to prepay the fees and costs of this proceeding and will allow Plaintiff to proceed *in forma pauperis*.

**Dismissal of Proceedings *In Forma Pauperis***

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2). "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Kay v. Bemis*, 500 F.3d at 1217. The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level. *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Dismissal of an *in forma pauperis* complaint as frivolous is not an abuse of discretion based on a determination that the *pro se* litigant did not state a viable legal claim and that the complaint consisted of little more than unintelligible ramblings. *Triplett v. Triplett*, 166

Fed.Appx. 338, 339-340 (10th Cir. 2006). However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Plaintiff alleges that the sole defendant in this case, the V.A. Hospital, denied her health care benefits. *See* Doc. 1 at 2-3. Plaintiff asserts that this Court has jurisdiction pursuant to the federal question jurisdiction statute, 28 U.S.C. § 1331, but does not identify the specific statute or constitutional violation that would form the basis for federal question jurisdiction. Plaintiff's Complaint is difficult to understand. While Plaintiff alleges that she discussed her medical condition with several persons,[1] she does not make any allegations regarding the benefits she was denied or why she was entitled to those benefits.

The Court will dismiss Plaintiff's denial of benefits claims against the V.A. Hospital for lack of jurisdiction. A "challenge to the VA's action or inaction with respect to [plaintiff's] benefits [is] beyond the jurisdiction of the district court. Title 38 U.S.C. § 511(a) vests exclusive jurisdiction with the Secretary of Veterans Affairs to 'decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans.'" *Turner v. United States*, 501 Fed.Appx. 840, 843 (10th Cir. 2012).

Because Plaintiff filed her Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983," the Court will briefly address whether her Complaint states a claim for civil rights violations. Doc. 1.

Plaintiff's Complaint fails to state a claim against the V.A. Hospital pursuant to 42 U.S.C. § 1983. Section 1983 "applies only to actions by state and local entities, not by the

---

[1] It is not clear from the Complaint that all of those persons were associated with the V.A. Hospital.

federal government . . . and does not apply to federal officers acting under color of federal law." *Beals v. United States Department of Justice*, 460 Fed.Appx. 773, 775 (10th Cir. 2012) (affirming district court's dismissal of plaintiff's Section 1983 claims against the United States for lack of subject matter jurisdiction).

Liberally construing Plaintiff's complaint as asserting civil rights claims pursuant to *Bivens*, the Court concludes that dismissal of the claims against the V.A. Hospital is appropriate. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam) (requiring that pro se pleadings be liberally construed). "In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), the U.S. Supreme "Court recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Ingram v. Faruque*, 728 F.3d 1239, 1243 (10th Cir. 2013) (*quoting Ashcroft v. Iqbal,* 556 U.S. 662, 675 (2009)). A "*Bivens* claim can be brought only against federal officials in their individual capacities. *Bivens* claims cannot be asserted directly against the United States, federal officials in their official capacities, or federal agencies." *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009).

The Court will dismiss the Complaint without prejudice for lack of jurisdiction and failure to state a claim. Plaintiff shall have 21 days from entry of this Order to file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). Rule 4 provides

4

that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendant at this time. The Court will order service if Plaintiff timely files an amended complaint which states a claim, and which includes the addresses of every defendant named in the amended complaint.

**IT IS ORDERED** that Plaintiff may proceed in District Court without prepaying fees or costs.

**IT IS ALSO ORDERED** that Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed June 1, 2016, is **DISMISSED without prejudice.** Plaintiff may file an amended complaint within 21 days of entry of this Order.

_____
**UNITED STATES DISTRICT JUDGE**